## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Avenue, NW, #163<br>Washington, DC 20006<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>U.S. DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301, and<br><br>U.S. DEPARTMENT OF STATE<br>2201 C St., NW<br>Washington, DC 20520,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff The Protect Democracy Project, Inc. (hereinafter "Protect Democracy") brings this action against Defendants U.S. Department of Justice, Department of Defense, and Department of State to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3.      Plaintiff The Protect Democracy Project, Inc. is an organization awaiting

501(c)(3) status, incorporated under the laws of the District of Columbia, and located at 2020

Pennsylvania Avenue, NW, #163, Washington, DC 20006.  Plaintiff's mission is to protect our

democracy from descending into a more autocratic form of government by preventing those in

power from depriving Americans of a free, fair, and fully-informed opportunity to exercise

ultimate sovereignty.  As part of this mission, Plaintiff seeks to inform public understanding of

operations and activities of the government by gathering and disseminating information that is

likely to contribute significantly to the public understanding of executive branch operations and

activities.  Plaintiff regularly requests such information pursuant to FOIA.  Plaintiff intends to

give the public access to documents transmitted via FOIA on its website,

www.protectdemocracy.org, and to provide information about and analysis of those documents

as appropriate.

4.      Defendant U.S. Department of Justice (DOJ) is an agency of the executive branch

of the federal government of the United States.  Defendant DOJ is headquartered at 950

Pennsylvania Avenue, NW, Washington, DC 20530-0001.  Defendant has possession, custody,

and control of the documents that Plaintiff seeks in response to its FOIA request.

5.      Defendant U.S. Department of Defense (DOD) is an agency of the executive

branch of the federal government of the United States.  Defendant DOD is headquartered at 1400

Defense Pentagon, Washington, DC 20301.  Defendant has possession, custody, and control of

the documents that Plaintiff seeks in response to its FOIA request.

6.      Defendant U.S. Department of State (State Department) is an agency of the

federal government of the United States headquartered at 2201 C Street NW, Washington DC

20520.  Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

## STATEMENT OF FACTS

*President Trump's Military Strikes Against Syria on April 6, 2017*

7.      On August 31, 2013, then-President Barack Obama announced that while he believed taking military action against the Syrian government in retaliation for the use of chemical weapons is in "our national security interests," he would not do so without prior Congressional authorization.  President Obama stated that he had made this decision "mindful that I'm the president of the world's oldest constitutional democracy."

8.      The U.S. Congress has not authorized the use of force against the Syrian government of President Bashar al-Assad.

9.      The United Nations Charter, a treaty ratified by the United States, permits the use of force against another country only with permission of the United Nations Security Council or as a matter of self-defense.  There is no U.N. Security Council resolution providing legal authority for military action against the Syrian government.

10.     After opposing military action against the Syrian government as a candidate, in April 2017, President Trump authorized a U.S. military attack against the Syrian government. Pursuant to orders from President Trump, on April 6, 2017, U.S. warships launched 59 Tomahawk cruise missiles at a Syrian government airbase.

*The Administration's Failure to Explain the Legal Rationale for the Strikes*

11.     On April 8, 2017, the President provided notification to Congress of the strikes, in a document slightly longer than one page, stating that he "acted in the vital national security and foreign policy interests of the United States, pursuant to my constitutional authority to conduct

foreign relations and as Commander in Chief and Chief Executive."  The President's letter further stated that "[t]he United States will take additional action, as necessary and appropriate, to further its important national interests."

12.     The April 8, 2017 letter does not articulate the domestic or international law justification for the strikes or identify any legal limits on the President's perceived authority to take additional military action.  The letter does not acknowledge the absence of congressional authorization for the use of force against the Syrian regime.  The letter also does not acknowledge that there is no United Nations Security Council resolution authorizing force.

13.     Neither the President, nor any Administration official, has publicly released a legal opinion, a legal analysis, memorandum, or other written record of the legal justification under domestic and international law authorizing the President's military action in Syria.

14.     In public statements, Administration officials have provided conflicting rationales for the strikes.

15.     On April 10, 2017, White House spokesman Sean Spicer cited humanitarian reasons and ISIS, and claimed that the Constitution gives the President "the full authority to act" whenever military force is "in the national interest."

16.     On April 10, 2017, the Secretary of State Rex Tillerson referred to "holding to account any and all who commit crimes against the innocents anywhere in the world."

17.     On April 11, 2017, Defense Secretary James Mattis said: "Our military policy in Syria has not changed.  Our priority remains the defeat of ISIS."  He also described the decision to use a military response in Syria as the best way to "deter the regime" from using chemical weapons in violation of international prohibitions.

18.     To Plaintiff's knowledge, the Department of Justice has not issued any public or official statement explaining the legal justification for the actions in Syria.  This is in contrast to the Department of Justice's actions in 2011 when the United States initiated the use of force against Libya.  Then, the Department of Justice's Office of Legal Counsel published a 14-page "Memorandum Opinion for the Attorney General," dated April 1, 2011, entitled "Authority To Use Military Force in Libya."

19.     In the case of Syria, more than one month after the strikes, no Administration lawyer has issued any statement articulating the Administration's views on the limits of the Executive Branch's authority to initiate further military action against Syria or any other nation.

20.     On April 27, 2017, President Trump stated that a "major, major conflict with North Korea" could be coming.

21.     Given recent military action in Syria and potential future military action in other new theatres, the Administration's foreign policy, military, and legal agencies have an obligation to provide a straightforward, consistent legal justification for military action.

22.     For the past six years, Syrian President Bashar al-Assad has carried out a barbaric, horrifying campaign of atrocities against the people of Syria, including using chemical weapons against civilians.

23.     The United States and international community have debated how to respond to such brutal acts.  That debate has been frustratingly slow and has sadly done little to either stop al-Assad's atrocities or relieve the suffering of the Syrian people.  That difficult debate has, however, focused on what type of response would be appropriate, effective and lawful under domestic and international law.

24.     To resolve that debate, our Constitution divides war-making powers between

Congress and the President.  This is both to avoid a situation in which it is too easy for one

person to initiate a war, and to ensure that the United States only goes to war when the people

support doing so.  In order for Congress to exercise its role as a representative of the people, the

people must be able to provide their representatives with their views.  The public cannot do this

in an informed way in the absence of information from Defendant agencies about the legal

authority that is being asserted.

     25.     Because the President has asserted that he may take additional military action

against Syria at any time, and has also stated that a conflict with North Korea may also be

imminent, it is imperative that the public be informed of the Administration's assessments of its

authority in order for the public to weigh in their views to Congress immediately.

     26.     For the records to serve their purpose in informing the public on these matters,

there is urgency in accessing the information from Defendant agencies and making it widely

available, which Plaintiff seeks to do.

*FOIAs to DOJ and its components,*

*Office of Legal Counsel and National Security Division*

     27.     On April 7, Plaintiff sent a FOIA request to Defendant DOJ seeking the following

records:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect
Democracy Project hereby requests that your office produce within 20 business days the
following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting,
discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the
President's legal authority to launch such a strike.  This request includes, but is not limited to,
internal Department of Justice communications, communications between Department of Justice
employees and the Executive Office of the President, and communications between Department
of Justice employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

6

*See* Exhibit A (DOJ FOIA request).

28.     Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

29.     Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *See* Exhibit A.

30.     Plaintiff's request was submitted by fax on April 7, 2017.   On April 13, 2017, Defendant Department of Justice, Office of Information Policy on behalf of the Office of the Attorney General, wrote a letter to Plaintiff acknowledging receipt of the request on April 7, 2017 and assigning it a case reference number.  *See* Exhibit B.

31.     On April 13, 2017, Defendant Department of Justice, Office of the Attorney General, wrote to Plaintiff that it granted expedited processing of Plaintiff's request, but indicating that it had not yet initiated processing.  *See* Exhibit B.

32.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, May 4, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

33.     To date, Defendant has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*DOJ Office of Legal Counsel*

34.     On April 7, Plaintiff sent a FOIA request to Defendant DOJ Office of Legal Counsel (OLC) seeking the following records:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike.  This request includes, but is not limited to, internal Department of Justice communications, communications between Department of Justice employees and the Executive Office of the President, and communications between Department of Justice employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

*See* Exhibit C (OLC FOIA request).

35.     Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

36.     On April 26, the OLC FOIA Officer wrote a letter to Plaintiff acknowledging receipt of Plaintiff's request on April 7, 2017 and assigning it a tracking number.  *See* Exhibit D.

37.     OLC also granted plaintiff's request for expedited processing, but indicated that it would not respond to the request with the statutory deadline.

38.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, May 4, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

39.     To date, Defendant has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*DOJ National Security Division*

40.     On April 7, Plaintiff sent a FOIA request to Defendant DOJ National Security

8

Division (NSD) seeking the following records:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike.  This request includes, but is not limited to, internal Department of Justice communications, communications between Department of Justice employees and the Executive Office of the President, and communications between Department of Justice employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

*See* Exhibit E (NSD FOIA request).

41.     Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

42.     On April 14, the NSD FOIA Office emailed a letter to Plaintiff acknowledging receipt of Plaintiff's request on April 7, 2017.  *See* Exhibit F.

43.     NSD did not decide Plaintiff's request for expedited processing, only noting that it was "under consideration."

44.     Plaintiff's request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," 28 C.F.R. § 16.5(e)(1)(iv) and because there is an urgent need "to inform the public about an actual or alleged Federal Government activity." 28 C.F.R. § 16.5(e)(1)(ii).

45.     There can be no question that the President's decision to initiate military action is of the utmost importance to the public.

46.     Similarly, whether the President has the legal authority to launch a military strike – or used military force without legal authorization – is a question that is fundamental to our democracy.  The public has an immediate right to understand the Administration's position with

respect to the legality of the recent strike against Syria, and to assess whether that position is justified.

47.     Plaintiff's request for material related to the President's legal authority to order the Syrian strikes could reveal whether or not the President acted outside of domestic and/or international law, as well as whether the President exceeded his authority vis a vis Congress.

48.     Records showing conduct outside the bounds of executive authority would go directly to the question of government integrity that affects public confidence.

49.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, May 4, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

50.     To date, Defendant has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*DOD FOIA*

51.     On April 7, Plaintiff sent a FOIA request to Defendant DOD seeking the following records:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike.  This request includes, but is not limited to, internal Department of Defense communications, communications between Department of Defense employees and the Executive Office of the President, and communications between Department of Defense employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

*See* Exhibit G (DOD FOIA request).

52.     Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

53.     Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *See* Exhibit G.

54.     Plaintiff's request was submitted by fax on April 7, 2017.

55.     Defendant DOD acknowledged receipt of the request on April 10, 2017 in a letter to Plaintiff dated April 12, 2017.  In its letter, DOD denied Plaintiff's request for expedited processing.  *See* Exhibit H.

56.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, May 5, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

57.     To date, Defendant has failed to make the required determination and notifications.  Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

*State Department FOIA*

58.     On April 7, Plaintiff sent a FOIA request to Defendant State Department seeking the following records:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike. This request includes, but is not limited to, internal Department of State communications, communications between Department of State employees and the Executive Office of the President, and communications between Department of State employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

*See* Exhibit I (State Department FOIA request).

59.     Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

60.     Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibit I.

61.     Plaintiff's request was submitted by fax on April 7, 2017.

62.     Defendant State Department acknowledged receipt of the request on April 12, 2017 in a letter to Plaintiff. The State Department informed Plaintiff that it denied Plaintiff's requests for a fee waiver. *See* Exhibit J.

63.     Though Plaintiff disagrees with the State Department's determination that a fee waiver is not warranted here, Plaintiff will forgo its appeal rights because of the urgency and importance of the records requested.

64.     Separate and apart from the fee waiver issue, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii), the State Department is prohibited from assessing search fees for this request because it has failed to comply with relevant statutory time limits.

65.     In the State Department's April 12, 2017 letter to Plaintiff, it also denied Plaintiff's requests for expedited processing. Plaintiff's request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the

government's integrity that affect public confidence," 28 C.F.R. § 16.5(e)(1)(iv) and because there is an urgent need "to inform the public about an actual or alleged Federal Government activity."  28 C.F.R. § 16.5(e)(1)(ii).

66.    Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, by May 5, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights.  5 U.S.C. § 552(a)(6)(A)(i).

67.    To date, Defendant has failed to make the required determination and notifications.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

68.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

69.    Defendants are in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## COUNT II
### (Violation of FOIA, 5 U.S.C. § 552(a)(6)(E))

70.    Defendants DOJ NSD, DoD, and the State Department are in violation of FOIA by failing to grant expedited processing to Plaintiff under 5 U.S.C. §(a)(6)(E) and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendants, by a date certain, to conduct a search that is reasonably likely to

lead to the discovery of any and all records responsive to Plaintiff's request;

(2) Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

(3) Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendants from improperly withholding records responsive to Plaintiff's request;

(5) Order Defendants to grant Plaintiff's request for a fee waiver;

(6) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Order Defendants DOJ NSD, DOD, and the State Department to grant Plaintiff's request for expedited processing of its request;

(8) Grant Plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

Date:  May 8, 2017          /s/  Allison F. Murphy
                            ALLISON F. MURPHY (Bar No. 975494)
                                Allison.Murphy@protectdemocracy.org
                            JUSTIN FLORENCE (DC Bar No. 988953)
                                (pro hac vice to be filed)
                                Justin.Florence@protectdemocracy.org
                            The Protect Democracy Project, Inc.
                            2020 Pennsylvania Ave., NW #163
                            Washington, DC 20006
                            Phone: 202-599-0466
                            Fax: 929-777-8428

                            *Counsel for Plaintiff*