**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC.,<br>*Plaintiff*,<br>v.<br>U.S. DEPARTMENT OF DEFENSE, *et al.*,<br>*Defendants*. | No. 17-cv-0842-CRC |

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's Order of July 13, 2017 (ECF No. 15), Defendants, the United States Department of Justice ("DOJ"), Department of Defense ("DOD"), and Department of State ("State") (collectively "Defendants"), hereby provide the following status report on their ongoing search and processing efforts.

Defendants have been working diligently to provide a final response to Petitioner's FOIA request as soon as practicable. At this time, Defendants have completed their initial searches for documents responsive to Plaintiff's narrowed request.[1] DOD, State, and DOJ's Office of Information Policy ("OIP") and Office of Legal Counsel ("OLC") are currently in the process of completing their review of documents to identify responsive records, necessary referrals or consultations that must be conducted, as well as applicable FOIA exemptions. In the case of DOJ's National Security Division ("NSD"), the referral and consultation process has begun.

[1] As discussed at the hearing on Plaintiff's preliminary injunction motion, Plaintiff has agreed to narrow the scope of its request to documents analyzing or explaining the President's legal authority to launch the April 6, 2017 military strike against a Syrian government airbase (Shayrat Airfield) in Syria. Additionally, the parties have agreed that Defendants may exclude from processing certain prior non-final versions of documents.

Based upon preliminary reviews, Defendants have currently identified in total approximately 44 potentially responsive records amounting to approximately 317 pages.[2] The vast majority of the responsive documents identified to date will require referrals or consultations with numerous other entities within and outside of the defendant-agencies before processing can be completed. *See* 28 C.F.R. § 16.4(d)(1) (2017), 32 C.F.R. § 286.7(d) (2017); 22 C.F.R. § 171.11(m) (2016).

Barring any unexpected delays in the consultation and referral process, Defendants anticipate that they can provide a final response to Plaintiff's narrowed FOIA request by September 8, 2017. In an effort to prioritize the processing of documents, Defendants propose to provide an interim response by August 18, 2017 including records relating to two documents which are most relevant to Plaintiff's narrowed request.[3] If the processing of any additional responsive documents is complete by August 18, Defendants will provide a response with respect to those documents by that date as well. Once Defendants have provided a final response to Plaintiff, Defendants propose that the parties meet and confer in an effort to resolve any outstanding disputes and jointly report to the Court whether dispositive motions will be filed.

An additional six weeks to complete the processing of the records at issue is warranted, due to the potentially sensitive nature of the records requested, the necessity of consulting with

---

[2] Specifically, the estimates of potentially responsive documents by individual defendant-agency are as follows: OIP (9 documents, 82 pages), NSD (6 documents, 89 pages), OLC (19 documents, 97 pages), State (6 documents, 31 pages), and DOD (currently 4 documents, 18 pages, but it is reviewing several hundred more pages for potential responsiveness). These estimates may be modified as Defendants finalize their responsiveness determinations. Based on preliminary reviews, there is duplication across the defendant-agencies among the potentially responsive documents identified to date.

[3] The Court's July 13, 2017 Order suggested prioritizing the processing of documents from particular components that are most likely to possess responsive and material records—such as OLC, State's Office of Legal Adviser, and DOD's Office of General Counsel. *See* Order (July 13, 2017) at 14 n.8. Defendants' proposal prioritizes for an interim response the most relevant records located by these offices.

other entities with equities in the information at issue, and Defendants' available FOIA resources.

"In enacting the FOIA, Congress sought to balance the public's interest in governmental transparency against 'legitimate governmental and private interests that could be harmed by release of certain types of information.'" *United Techs. Corp. v. U.S. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)). To maintain this balance, Defendants have a "responsibility" when processing FOIA requests to "safeguard[] potentially sensitive information." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 14 (D.D.C. 2015). Releasing records without sufficient time for processing 'raises significant risk of harm to the public and private interests served by the thorough processing of responsive agency records prior to their ultimate production," particularly through "inadvertent disclosure of records properly subject to exemption under FOIA." *Id.* at 15.

Although Plaintiff has narrowed its request, it seeks documents analyzing or explaining the President's legal authority to launch the April 6 strikes, which, based on the agencies' preliminary reviews of potentially responsive documents, implicate records containing classified national security information and material that is most likely subject to one or more privileges and thus protected from disclosure. *See* 5 U.S.C. § 552(b)(1), (b)(5). As noted above, in order to process the responsive documents identified to date, Defendants need to consult with numerous different entities with equities in the information before a response can be provided to Plaintiff. Defendants will make every effort to coordinate and streamline the referral and consultation process, but it will nevertheless take time.

Additionally, Defendants process FOIA requests (including requests in the expedited

processing track) on a first-in, first-out basis. As of April 7, 2017, the date that Plaintiff submitted its FOIA request, the DOJ components, which each granted Plaintiff expedited processing, were processing respectively 73 (OIP), 63 (OLC), and 8 (NSD) requests on an expedited basis. At that time, DOD had 2,400 open FOIA requests and State had almost 20,000 FOIA and Privacy Act requests pending.[4] And Defendants are currently engaged in numerous other FOIA litigations with document production schedules of their own. Thus, the rate at which Defendants can practically process Plaintiff's request must take into account Defendants' other FOIA obligations and its available resources, including the resources currently devoted to processing expedited requests received before Plaintiff's request.

In sum, Defendants have been processing and continue to process Plaintiff's FOIA request as soon as practicable. In light of the level of review needed for the documents at issue here and given constraints on its FOIA resources, Defendants have determined they can provide prioritized processing for the most relevant documents by August 18 with a final response on all responsive documents by September 8, only four months after Plaintiff filed this case, and roughly five months after it submitted its FOIA request.

---

[4] Although DOD and State originally denied Plaintiff's expedited processing requests, pursuant to the Court's Order of July 17, 2017, they are prioritizing Plaintiff's FOIA request and are processing it as soon as practicable as required by FOIA's expedited processing provision. *See* 5 U.S.C. § 552(a)(6)(E)(iii).

Dated: July 28, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Kathryn C. Davis*

KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6130
Washington, DC 20530
Tel: (202) 616-8298
Fax: (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov