# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.*, <br><br> *Defendants*. | No. 17-cv-0842-CRC |

## JOINT STATUS REPORT PURSUANT TO
## THE COURT'S AUGUST 4, 2017 MINUTE ORDER

Pursuant to the Court's Minute Order of August 4, 2017, Plaintiff, the Protect Democracy Project ("Plaintiff"), and Defendants, the United States Department of Justice ("DOJ"), Department of Defense ("DOD"), and Department of State ("State") (collectively "Defendants"), hereby provide the following status report:

1.      Defendants provided interim responses to Plaintiff on August 18, 2017 with respect to certain documents which are most relevant to Plaintiff's FOIA request.

2.      Defendants provided final responses to Plaintiff's FOIA request on September 8, 2017.

3.      As noted in Defendants' Response to Plaintiff's Response to Defendants' Status Report of July 28, 2017 (ECF No. 19), the parties met and conferred and reached an agreement with respect to the issue of a draft *Vaughn* index.  Specifically, in an effort to litigate this matter in an efficient and expeditious manner, Defendants agreed to provide Plaintiff with a preliminary draft *Vaughn* index by September 22, 2017 for the purpose of facilitating discussions between the parties to resolve or at least narrow the issues in dispute.  The parties have further agreed to

begin the meet and conferral process within one week thereafter.

4.      Given their discussions to date, the parties reasonably anticipate summary judgment briefing.  Notwithstanding good faith efforts to confer, however, the parties have been unable to reach agreement on a briefing schedule.  The parties' respective positions on that issue are set forth below.

## PLAINTIFF'S POSITION AND PROPOSAL

In its opinion granting in part Plaintiff's motion for a preliminary injunction, this Court stated that "if production is unduly delayed, both Protect Democracy and the public will be 'precluded . . . from obtaining in a timely fashion information vital to the current and ongoing debate surrounding the legality of' a high profile-government action."  Mem. Op. (July 13, 2017) at 8-9.  This Court's Minute Order of August 4, 2017 then directed Defendants to provide an interim response to Plaintiff's FOIA request "including those records . . . which are most relevant to Plaintiff's request and any additional responsive documents that have been processed" by August 18, 2017 and a "final response" by September 9, 2017.

Defendants' responses have failed to provide Protect Democracy, and the public, with the requested information.  On August 18, Defendants informed Plaintiff that they were withholding seven records in full.  On September 8, Defendants' final response contained 17 heavily-redacted pages.  Records that appear most relevant to the subject matter of the FOIA request, as far as Plaintiff can tell from the title ("legal basis for use of force") have been blacked out with full-page redactions.[1]  Defendants have similarly redacted other records, including "talking points" and material distributed by a division spokesperson, and Defendants have withheld other records

---

[1] See Letter from Daniel R. Castellano, Senior Attorney, Department of Justice Office of Information Policy, to Ian Bassin, The Protect Democracy Project, Sept. 8, at p. 1 of 50 (identified as Doc. I: 0.7.12484.5431-000001).

in full.[2]  The only records that Defendants have produced with visible text have been news snippets praising the President and already-public transcripts.  The response thus fails to inform the public about the requested information: what the Administration's legal authority was, if any, for the Syria strikes.

Given the urgency of this issue and the inadequacy of Defendants' response to date, Plaintiff has proposed to Defendants a schedule whereby Defendants would produce a final *Vaughn* index and Motion for Summary Judgment on October 6, 2017.  That date is almost three months after this Court's order granting in part the preliminary injunction.  Under Plaintiff's proposed schedule, Plaintiff would respond on October 27, 2017.  Because Defendants were directed to complete their "final response" to Plaintiff by September 8, and previously agreed to produce a draft *Vaughn* index to Plaintiff by September 22, a deadline of October 6, 2017 leaves ample time for Defendants to file a Motion for Summary Judgment.  That is especially so given the small number of records that Defendants have identified: fewer than a dozen documents are at issue.

Despite the Court's opinion that that the subject of these FOIAs are "a matter of current exigency to the American public," Mem. Op. (July 13, 2017) at 6-7, Defendants' counter-proposal would stretch out the briefing schedule until the end of December 2017.  Defendants' continued delays deprive Plaintiff of its recognized interest in informing the public and participating in the "ongoing public and congressional debate[] about [an] issue[] of vital national importance," *id.* at 10, most recently as the Senate debated and voted on September 13, 2017 whether to repeal the current Authorization for the Use of Military Force.  Given the very

---

[2] On August 18, 2017, the Department of Justice withheld three documents in full, and the Departments of State and Defense each withheld two documents in full.  On September 8, Departments of State and Defense each withheld an additional two documents, and the Department of Justice withheld ten pages, released seventeen pages with redactions, and released 53 pages without redactions.

small number of documents involved, Plaintiff does not see why this matter cannot be resolved quickly and efficiently.

This is no ordinary FOIA case.  Defendants' reliance on longer briefing schedules in other FOIA cases, where no plaintiff sought expedited service, let alone a preliminary injunction with expedited status, is misplaced and fails to grapple with the urgency of this matter.  *See* Minute Order (June 9, 2017), *Bonfilio v. Occupational Safety & Health Admin.*, 17-cv-0282-CRC (showing no urgency in granting joint motion for a stay of proceedings), *Judicial Watch v. U.S. Dep't of Justice*, 17-cv-0916-CRC, *Mount v. Johnson*, 16-cv-2532-CRC.

Accordingly, Plaintiff respectfully requests that the Court enter a Minute Order setting forth the following schedule:

| | |
|---|---|
| Defendants' Motion for Summary Judgment and Final *Vaughn* Index | October 6, 2017 |
| Deadline for Plaintiff's Response | October 27, 2017 |
| Deadline for Defendants' Reply | November 10, 2017 |

## DEFENDANTS' POSITION AND COUNTER-PROPOSAL

This FOIA action involves five substantially similar requests for documents relating to the President's legal authority to launch the April 6, 2017 military strike against Al Shayrat Airfield in Syria, which Plaintiff submitted to DOD, State, and three components of DOJ on April 7, 2017.  In response to Plaintiff's request, as narrowed by the agreement of the parties, Defendants processed in total 15 responsive documents, withholding ten documents in full and releasing five documents (73 pages total) with redactions of exempted information.  In their responses, Defendants identified several FOIA exemptions that justify the withholding of

responsive information, including Exemptions (b)(1), (b)(5) (deliberative process, attorney-client, and presidential communications privileges), (b)(6), and (b)(7)(C).

Currently, Defendants are preparing a preliminary draft index, which at Plaintiff's request it agreed to provide by September 22 (two weeks after its final responses), in order to facilitate the parties' efforts to narrow their disputes.  The result of those efforts will directly impact the scope and content of the Defendants' summary judgment motion, most importantly—which documents or particular redactions will be at issue, and thus which FOIA exemptions will be challenged and which agencies will be required to submit declarations justifying those withholdings.  The parties have agreed to begin meeting and conferring within one week of Defendants providing Plaintiff with the draft index.

In light of these circumstances, Defendants propose the following dispositive briefing schedule:

| | |
|---|---|
| Defendants' Motion for Summary Judgment | November 3, 2017 |
| Plaintiff's Opposition to Defendant's Motion | December 1, 2017 |
| Defendants' Reply In Support of Their Motion | December 22, 2017 |

This schedule will allow sufficient time for the parties to attempt in good faith to narrow the issues for briefing and, once those issues are defined, sufficient time for the defendant agencies (five in total) to prepare their respective declarations and the motion itself.  This schedule is justified given the appropriateness of first completing the meet and conferral process to which the parties agreed, the number of agency and agency-components involved, the number and type of exemptions that will potentially be at issue on summary judgment, and the current constraints on Defendants' available FOIA resources.

Additionally, Defendants' proposal represents an expeditious timetable for resolving this action, commencing summary judgment briefing less than two months after Defendants provided final responses to Plaintiff's FOIA requests and less than six months after this action was filed. It also comports with other briefing schedules this Court has recently entered in FOIA cases. *See, e.g.*, Minute Order (July 27, 2017), *Bonfilio v. Occupational Safety & Health Admin.*, 17-cv-0282-CRC (allowing six weeks from date of order for filing of summary judgment motion); Minute Order (July 18, 2017), *Judicial Watch v. U.S. Dep't of Justice*, 17-cv-0916-CRC (over eight weeks); Minute Order (Feb. 24, 2017), *Mount v. Johnson*, 16-cv-2532-CRC (seven weeks).

Defendants oppose Plaintiff's abbreviated proposed briefing schedule that would require Defendants to file their opening brief by October 6, three weeks from the date of this filing, only two weeks after Defendants provide a draft index, and one week after the parties have agreed to begin their meet and conferral.  Plaintiff's proposed schedule would require Defendants to prepare for and brief summary judgment while simultaneously conferring with Plaintiff to narrow the scope of that briefing, a result that is both inefficient and fundamentally unfair to Defendants.  Moreover, as the parties previously discussed, the draft index that Defendants agreed to provide was for purposes of facilitating the parties' discussions and was not intended to be the final submission Defendants will ultimately file in support of summary judgment. Depending on what issues will be disputed, Defendants will likely submit additional materials, such as declarations in support of their motion, which will require additional time to prepare. Accordingly, to the extent Plaintiff claims that the work of Defendants in preparing for summary judgment is largely done now or by the time it produces the draft index, it is incorrect.

Finally, there is no exceptional need or likelihood of prejudice that necessitates the accelerated briefing schedule Plaintiff proposes.  Although the Court has recognized an "urgency

to inform the public" of the subject matter of Plaintiff's FOIA request that warranted expedited

processing, it has also rejected Plaintiff's previous efforts to impose truncated, arbitrary

deadlines in this matter.  Mem. Op. (July 13, 2017) at 12, ECF No. 14 ("As Defendants note,

Protect Democracy 'has not identified a single imminent deadline' related to its request, or any

event set to occur on a particular date.").  Two months since the Court's decision, there are still

no imminent deadlines or date certain events to which Plaintiff's proposed briefing schedule is

connected and, as such, it evokes the same level of arbitrariness.


Dated: September 15, 2017                    Respectfully submitted,

                                             CHAD A. READLER
                                             Acting Assistant Attorney General

                                             CHANNING D. PHILLIPS
                                             United States Attorney

                                             ELIZABETH J. SHAPIRO
                                             Deputy Branch Director
                                             Federal Programs Branch

                                             */s/ Kathryn C. Davis*
                                             KATHRYN C. DAVIS (DC Bar No. 985055)
                                             Trial Attorney
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             20 Massachusetts Avenue, NW, Room 6130
                                             Washington, DC  20530
                                             Tel:    (202) 616-8298
                                             Fax:    (202) 616-8460
                                             Email: Kathryn.C.Davis@usdoj.gov

                                             *Attorneys for Defendants*

                                             */s/ Allison F. Murphy*
                                             ALLISON F. MURPHY (DC Bar No. 975494)
                                                  Allison.Murphy@protectdemocracy.org
                                             JUSTIN FLORENCE (DC Bar No. 988953)
                                             (application for admission pending)
                                                  Justin.Florence@protectdemocracy.org

7

BEN BERWICK (MA Bar No. 679207)
          Ben.Berwick@protectdemocracy.org
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave., NW #163
Washington, DC 20006
Phone: 202-599-0466
Fax: 929-777-8428

*Counsel for Plaintiff*