UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE PROTECT DEMOCRACY
PROJECT, INC.,

*Plaintiff*,

v.

U.S. DEPARTMENT OF DEFENSE, *et al.*,

*Defendants*.

No. 17-cv-0842-CRC

## DEFENDANTS' MOTION TO BIFURCATE BRIEFING OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT

Defendants, the Department of Justice, Department of Defense, and Department of State (collectively, "Defendants"), respectfully request that summary judgment briefing in this matter be bifurcated, and that Defendants' forthcoming motion address only their assertion of Exemption 5, while preserving Defendants' right to assert Exemption 1 at a later date should that be necessary.   In the alternative, Defendants seek a two-week extension to file their summary judgment motion, currently due November 3, 2017, in order to allow additional time for agencies with equities in the information at issue to make determinations with respect to classification and prepare submissions justifying any withholdings pursuant to Exemption 1.  Counsel for Plaintiff, The Protect Democracy Project, has advised that Plaintiff opposes the requested relief.

### BACKGROUND

Plaintiff's FOIA requests, submitted to Defendants on April 7, 2017, sought "[a]ny and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike" from April 4, 2017 to the present.  *See* Pl.'s Compl. ¶¶ 27, 34,

1

40, 51, 58, ECF No. 1.  Plaintiff subsequently agreed to narrow the scope of its FOIA requests to

documents analyzing or explaining the President's legal authority to launch the April 6 strike.

Defs' Status Report (July 28, 2017) at 1 n.1, ECF No. 17.  Defendants withheld all documents

responsive to Plaintiff's narrowed request either in full or in part pursuant to FOIA Exemption 5.

Certain information in several documents was withheld pursuant to Exemptions 6 and 7(C),

which Plaintiff is not challenging.  Additionally, Defendants asserted Exemption 1 with respect

to three documents.  Those documents consist of two identical copies and one prior draft version

of an April 6, 2017 classified legal memorandum (collectively, "legal memorandum") prepared

by an interagency group of attorneys for the purpose of providing advice and recommendations

to the President and/or senior Executive Branch officials regarding the legal basis for potential

military action.  Defendants withheld these documents in their entirety pursuant to FOIA

Exemption 5 based on the presidential communications privilege, attorney-client privilege, and

deliberative process privilege, and also pursuant to Exemption 1.

## ARGUMENT

### I.      Bifurcating Summary Judgment Briefing Will Promote Judicial Economy and Lead to a Prompt and Efficient Resolution of This FOIA Matter

In a FOIA action, "the agency bears the burden of justifying its decision to withhold

requested information."  *King v. U.S. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987).  "The

agency may meet this burden by filing affidavits describing the material withheld and the manner

in which it falls within the exemption claimed."  *Id.*  Exemption 5 permits an agency to withhold

"inter-agency or intra-agency memorandums or letters which would not be available by law to a

party . . . in litigation with the agency."  5 U.S.C. § 552(b)(5); *see Touarsi v. U.S. Dep't of

Justice*, 78 F. Supp. 3d 332, 344 (D.D.C. 2015).  In the present case, Defendants plan to rely on

Exemption 5 as grounds to withhold the legal memorandum.  Defendants believe that, at the

summary judgment stage, the Court will uphold these withholdings, as the memorandum is

quintessentially protected in its entirety by several executive privileges, including the

presidential communications privilege.  To conserve the Court's and the parties' resources, and

to prevent delay in resolving the motion for summary judgment, Defendants respectfully request

that summary judgment briefing in this matter be bifurcated, and that Defendants' forthcoming

motion address solely their assertion of Exemption 5, while preserving Defendants' right to

assert Exemption 1 over the legal memorandum at a later date should that be necessary.

Such an order is entirely consistent with the law of this Circuit, and would lead to a

timely and fair resolution of the issues raised in this action.  Under *Maydak v. U.S. Department

of Justice*, courts generally require that all exemptions be taken and briefed in a single motion for

summary judgment.  218 F.3d 760, 762 (D.C. Cir. 2000).  Courts have explained, however, that

*Maydak*'s "general rule" does not preclude an agency from raising additional FOIA exemptions

while a case remains pending in district court.  *See, e.g.*, *Sussman v. U.S. Marshals Serv.*, 494

F.3d 1106, 1118 (D.C. Cir. 2007) (explaining that a court may consider an exemption first raised

in a "subsequent motion for reconsideration" because "[w]e have in the past permitted agencies

to escape summary judgment in FOIA cases based on evidence first submitted on motions for

reconsideration").[1]

---

[1] *See also Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 70 n.7 (D.D.C. 2010) (rejecting
the plaintiff's *Maydak* waiver argument when resolution of a motion to dismiss "d[id] not end
the case"); *Sciba v. Bd. of Governor of Fed. Reserve Sys.*, No. 04-cv-1011 (RBW), 2005 WL
758260, at *1 (D.D.C. Apr. 1, 2005) ("[A] fair reading of [*Maydak*] leads to the conclusion that
the exemption only need be raised at a point in the district court proceedings that gives the court
an adequate opportunity to consider it."); *cf. Cuban v. SEC*, 795 F. Supp. 2d 43, 61-63 (D.D.C.
2011) (concluding that information was properly withheld pursuant to Exemption 3 even though
the agency did not invoke Exemption 3 until its motion for reconsideration).

Although *Maydak* would not necessarily foreclose Defendants' assertion of additional

FOIA exemptions at a later stage in this district court litigation, out of an abundance of caution

they seek an order preserving their right to justify, if necessary, the withholding of information in

the legal memorandum under Exemption 1.  *See* U.S. Department of Justice, Office of

Information and Privacy, Freedom of Information Act Guide, 1043 (Mar. 2007) ("[The] prudent

course of action [is] to obtain the court's permission to raise the threshold defense first in order

to specifically reserve the right to invoke the remaining exemptions at a later date, if

necessary.").  Defendants' bifurcation request reflects a procedure commonly employed by

district courts in this Circuit as a means to promote judicial economy and the speedy and just

resolution of FOIA matters.  *See, e.g.*, *Manning v. Dep't of Justice*, No. 15-cv-1654 (APM),

Minute Order (D.D.C. Dec. 15, 2015) (granting the defendant's request to move for summary

judgment on its Exemption 7(A) claims without waiving any allegation that records are exempt

from release for other reasons); *Accuracy in Media v. Dep't of Defense*, No. 14-cv-1589 (EGS),

Minute Order (D.D.C. June 23, 2015) (same); *Pub. Investors Arbitration Bar Ass'n v. SEC*, No.

11-cv-2285 (BAH), Minute Order (D.D.C. July 16, 2012) (granting the defendant's request to

move for summary judgment on Exemption 8 without waiving any allegation that records are

exempt from release under other FOIA exemptions); *Ciralsky v. CIA*, No. 00-cv-1709 (RWR),

Minute Order (D.D.C. Aug. 8, 2005) (granting the defendant's request to move for summary

judgment on Exemption 1 without waiving any allegation that records are exempt from release

under other FOIA exemptions); *see also United We Stand America, Inc. v. IRS*, 359 F.3d 595

(D.C. Cir. 2004) (allowing agency to assert and defend additional redactions on remand where

agency had reserved the right to so in district court filings).  In fact, this Court recently granted a

similar request of a defendant-agency to bifurcate summary judgment briefing, allowing the

4

defendant to first address its Exemption 5 claims over two responsive documents protected in

full from disclosure by the attorney-client privilege while preserving its right to assert at a later

date FOIA Exemptions 1 and 3, if necessary. *See New York Times Co. v. Dep't of Justice*, 17-cv-

0087 (CRC), Minute Order (D.D.C. May 3, 2017).

As in *New York Times*, the proposed relief sought in this case would benefit both the

parties, as well as the Court, by promoting judicial economy, preserving agency resources, and

ensuring the speedy and efficient resolution of this matter. As noted above, the legal

memorandum at issue in Defendants' upcoming motion for summary judgment was withheld in

full pursuant to Exemption 5 based on the presidential communications privilege, attorney-client

privilege, and deliberative process privilege. Thus, the application of Exemption 5 is a threshold

issue that the Court will necessarily need to resolve in this matter, especially because the

presidential communications privilege "applies to documents in their entirety." *In re Sealed*

*Case*, 121 F.3d 729, 752 (D.C. Cir. 1997). The proposed bifurcated briefing is particularly

efficient with respect to Exemption 1, because the assertion of that exemption would likely entail

the preparation and submission, *ex parte* and *in camera*, of a classified declaration setting forth

the reasons why the information withheld under Exemption 1 requires protection. If the Court

grants summary judgment for Defendant as to the application of Exemption 5, there will be no

need for the Government to prepare and submit—or for the Court to consider—a classified

declaration addressing Exemption 1.

II.     **In the Alternative, Defendants Request An Extension of Time to File Their**
        **Motion for Summary Judgment**

If the Court denies Defendants' bifurcation request, Defendants seek, in the alternative, a

two-week extension of time to file their summary judgment motion. An extension is required in

order to allow time for agencies with equities in the information to complete their review of the

highly classified legal memorandum, make determinations with respect to classification, and prepare and submit materials justifying any withholdings under Exemption 1 as required by FOIA.  Matters involving highly classified documents are by their nature sensitive and require careful review by agencies with equities in the information.  Additionally, decisions to classify or declassify national security information can be made by only a limited number of individuals who have original classification authority.  Defendants regret the need to seek additional time for briefing, in the event that the Court denies its bifurcation request.  Defendants propose, however, that a more efficient course would be to allow Defendants to proceed immediately on summary judgment limited to their Exemption 5 claims without waiver of their ability to assert at a later date, if necessary, additional—and likely superfluous—claims under FOIA Exemption 1.

Where, as here, Defendants' bifurcation request is not made for the purpose of "gain[ing] a tactical advantage over the FOIA requester," it can and should be granted.  *August v. FBI*, 328 F.3d 697, 698 (D.C. Cir. 2003).

## CONCLUSION

For the foregoing reasons, Defendants' request to bifurcate summary judgment briefing should be granted.  In the alternative, the Court should grant Defendants' request for a two-week extension of its deadline to file a Motion for Summary Judgment.

Dated: October 30, 2017                    Respectfully submitted,

                                           CHAD A. READLER
                                           Acting Assistant Attorney General

                                           JESSE K. LIU
                                           United States Attorney

                                           ELIZABETH J. SHAPIRO
                                           Deputy Branch Director

Federal Programs Branch

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6130
Washington, D.C.  20530
Tel:    (202) 616-8298
Fax:    (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov

*Attorneys for Defendants*