# EXHIBIT 5

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **THE PROTECT DEMOCRACY PROJECT, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:17-cv-00842** |
| | § | |
| **DEPARTMENT OF DEFENSE, ET AL.,** | § | |
| | § | |
| **Defendant.** | § | |

**DECLARATION OF ERIC F. STEIN**

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1. I am the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department") and have served in this capacity since January 22, 2017. Previously, I was the Acting Director since October 16, 2016, and Acting Co-Director since March 21, 2016. I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other applicable records access provisions. Prior to serving in this capacity, from April 2013, I worked directly for the Department's Deputy Assistant Secretary ("DAS") for Global Information Services ("GIS") and served as a senior advisor and deputy to the DAS on all issues related to GIS' offices and programs, which include IPS. As the Director of IPS, I have original classification authority and am authorized to classify and declassify national security information. I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of

my official duties. I am familiar with the efforts of Department personnel to process the subject request, and I am in charge of coordinating the agency's search efforts with respect to that request.

2. The core responsibilities of IPS include: (1) responding to records access requests made by the public (including under the FOIA, the Privacy Act, and the mandatory declassification review requirements of the Executive Order governing classified national security information), by members of Congress, by other government agencies, and those made pursuant to judicial process such as subpoenas, court orders and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3. This declaration explains the Department's search for records responsive to Plaintiff's FOIA request and the FOIA exemptions applied in processing the responsive records produced to Plaintiff. A *Vaughn* index (Exhibit 1 to Defendants' motion for summary judgment) also provides a detailed description of the information withheld and the justifications for those withholdings.

## I. PROCESSING OF THE PLAINTIFF'S REQUEST

4. By letter dated April 7, 2017 (Exhibit 1), Ian Bassin of The Protect Democracy Project ("Plaintiff") submitted a FOIA request to the Department seeking:

> Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike. This request includes, but is not limited to, internal Department of State communications, communications between

> Department of State employees and the Executive Office of the President, and communications between Department of State employees and other agencies.

The time frame for this request was April 4, 2017, through the present.

5. By letter dated April 12, 2017 (Exhibit 2), IPS acknowledged receipt of Plaintiff's FOIA request and assigned it Case Control Number F-2017-09282.

6. Plaintiff agreed to narrow the scope of its request to "documents analyzing or explaining the President's legal authority to launch the April 6, 2017, military strike against a Syrian Government airbase (Shayrat Airfield) in Syria." Defendants' Status Report filed July 28, 2017, ECF No. 17. Additionally, Plaintiff agreed that the Defendants may exclude from processing certain prior non-final versions of documents. Id.

7. By letter dated August 18, 2017 (Exhibit 3), IPS informed Plaintiff that a search of Department records had resulted in the retrieval of two responsive documents, one withheld in full pursuant to FOIA Exemptions 1 and 5, and the other withheld in full pursuant to FOIA Exemption 5.

8. By letter dated September 8, 2017 (Exhibit 4), IPS informed Plaintiff that a search of Department records has resulted in the retrieval of two additional documents, both of which were withheld in full pursuant to FOIA Exemption 5.

## II. THE SEARCH PROCESS

9. When the Department receives a FOIA request, IPS evaluates the request to determine which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the records requested. This determination is based on the description of the records requested and requires a familiarity with the holdings of the

Department's records systems, applicable records disposition schedules, and the substantive and functional mandates of numerous Department offices and Foreign Service posts and missions.

10. Each office within the Department, as well as each Foreign Service post and mission, maintains files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission. These files consist generally of working copies of documents, information copies of documents maintained in the Central Foreign Policy Records collection, and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages.

11. After reviewing Plaintiff's modified request, IPS determined that the only office reasonably likely to have responsive documents was the Office of the Legal Adviser. IPS concluded that no other offices or records systems were reasonably likely to maintain the requested materials.

12. When conducting a search in response to a FOIA request, IPS relies on the knowledge and expertise of the employees of each bureau/office/post to determine the files and locations reasonably likely to house responsive records and the best means of locating such records, as these employees are in the best position to know how their files are organized. Additionally, for any searches of electronic records, those employees are also in the best position to determine which search terms would yield potentially responsive records in a given system.

**The Office of the Legal Adviser**

13. The Office of the Legal Adviser ("L") furnishes advice on all legal issues, domestic and international, arising in the course of the Department's work. This includes assisting Department principals and policy officers in formulating and implementing the foreign

policies of the United States, and promoting the development of international law and its institutions as a fundamental element of those policies. L is organized to provide direct legal support to the Department of State's various bureaus, including both regional and geographic offices (those which focus on specific areas of the world) and functional offices (those which deal with specific subject matters such as economics and business, international environmental and scientific issues, or internal management).

14.     Upon review of the FOIA request, an attorney in L, who was knowledgeable of both the FOIA request at issue and L's records systems, determined that the only L component reasonably likely to maintain responsive records was the Office of Political-Military Affairs ("L/PM"). L/PM provides legal assistance in matters relating to global military and political-military activities, base rights and status of forces agreements; foreign military claims and suits against U.S. Armed Forces; munitions control; use of force and war powers; and laws of war.

15.     An Attorney-Adviser, who is a subject matter expert and directly involved in drafting relevant documents, searched L/PM's electronic files for any documents responsive to Plaintiff's FOIA request. L/PM's electronic files consist of the unclassified and classified email records of the Attorney-Adviser, unclassified and classified document files of the Attorney-Adviser, an electronic shared drive (a collection of folders stored on a local network), and the office's electronic records management system Content Server. The attorney adviser searched these electronic files using the search terms "Syria," "chemical weapons," or "Shayrat" and a date range of April 4, 2017 through the date of the search, June 6th, 2017. L/PM located four responsive documents as a result of these searches.

## III. FOIA EXEMPTIONS CLAIMED

### FOIA Exemption 1 and 3 – Classified Information

16. 5 U.S.C. § 552(b)(1) states that the FOIA does not apply to matters that are: "(A) specifically authorized under criteria established by Executive order ("E.O.") to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(3) states that the FOIA does not apply to matters that are "specifically exempted from disclosure by statute."

17. The Department asserted Exemption 1, 5 U.S.C. § 552(b)(1), as the basis for withholding information in one document. This document is a classified legal analysis prepared by an interagency group of attorneys for the purpose of providing advice and recommendations to the President and other senior Executive Branch officials regarding the legal basis for potential military action. Vaughn Index, Doc. 1. The Department has also been informed that information in this document is protected from release by statute and thus exempt from disclosure pursuant to Exemption 3, 5 U.S.C. § 552(b)(3).

18. The information at issue did not originate with the Department, and thus additional information regarding the applicability of Exemptions 1 and 3 is provided in a contemporaneously filed declaration of the Office of the Director of National Intelligence.

### FOIA Exemption 5 - Privileged Information

19. 5 U.S.C. § 552(b)(5) states that the FOIA does not apply to:

> inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency....

20. Exemption 5, 5 U.S.C. § 552(b)(5), protects from disclosure information that is normally privileged in the civil discovery context, including information that is protected by the

deliberative process privilege. The deliberative process privilege protects the confidentiality of

candid views and advice of U.S. Government officials in their internal deliberations related to

policy formulation and administrative direction. Here, the Department withheld four documents

subject to the deliberative process privilege. *Vaughn* Index, Doc. 1 (DOS C06377765), Doc. 5

(DOS C06387142), Docs. 14-15 (DOS C06387135, C06387138). The first document withheld

under the deliberative process privilege is a classified legal analysis prepared by an interagency

group of attorneys for the purpose of providing advice and recommendations to the President and

other senior Executive Branch officials regarding the legal basis for potential military action.

*Vaughn* Index, Doc. 1. Release of the withheld material, which is pre-decisional and deliberative

with respect to a final determination on military operations and foreign relations actions, could

reasonably be expected to chill the open and frank expression of ideas, recommendations, and

opinions that occur when U.S. Government officials are developing a preferred course of action

on a sensitive matter. Disclosure of this information would also impede the ability of responsible

government officials to formulate and carry out executive branch policies and decisions by

inhibiting candid internal discussion and the expression of recommendations and judgments

regarding a preferred course of action.

21.     The second document withheld by the Department under the deliberative process

privilege, is draft proposed press guidance prepared for use by Executive Branch officials to

address press inquiries regarding the legal basis for the U.S. military action taken against Syrian

military targets connected to the April 4, 2017, chemical weapons attack in Idlib province.

*Vaughn* Index, Doc. 5. The withheld information consists of proposed press guidance and a

hypothetical question and proposed response. Release of this material, which is pre-decisional

and deliberative with respect to a final decision on the Department's press strategy and

communication to the press, could reasonably be expected to have a chilling effect on the open

and frank expression of ideas, recommendations, and opinions that occurs when U.S.

Government officials are crafting press guidance on a sensitive issue. Disclosure of this

information would also impede the ability of responsible government officials to formulate and

carry out executive branch policies and decisions by inhibiting candid internal discussion and the

expression of recommendations and judgments regarding a preferred course of action.

  22. The third and fourth documents withheld by the Department under the

deliberative process privilege are draft proposed guidance prepared by Department attorneys for

Department officials for responding to questions from Congress regarding the legal basis for the

April 6, 2017, U.S. military strike against the Al Shayrat airfield in Syria. *Vaughn* Index., Docs.

14-15. The withheld information consists of hypothetical questions and proposed responses in

bullet-point form. Release of the withheld material, which is pre-decisional and deliberative

with respect to a final decision on the Department's strategy and communications to Congress,

could reasonably be expected to chill the open and frank expression of ideas, recommendations,

and opinions that occur when Department officials are crafting responses to Congress on a

sensitive subject. Disclosure of this information would also impede the ability of responsible

Department officials to formulate and carry out executive branch policies and decisions by

inhibiting candid internal discussion and the expression of recommendations and judgments

regarding a preferred course of action.

  23. The withheld information is, accordingly, exempt from release under Exemption

5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege.

  24. The Department has also withheld three documents under Exemption 5 pursuant

to the attorney-client privilege. *Vaughn* Index, Docs. 1, 14-15. This information reflects

confidential communications undertaken in confidence between Executive Branch attorneys and officials for the purpose of obtaining legal advice. The withheld information reflects the confidential communication that occurs between government attorneys and their clients when seeking and providing legal advice. The first document withheld pursuant to the attorney-client privilege is a classified legal analysis prepared by an interagency group of attorneys for the purpose of providing advice and recommendations to the President and other senior Executive Branch officials regarding the legal basis for potential military action (Doc. 1). The information is being withheld pursuant to attorney-client privilege to protect confidential communications from National Security Council attorneys to Department and other government attorneys for the purpose of obtaining legal advice. The second and third documents being withheld pursuant to the attorney-client privilege are draft proposed guidance prepared by Department attorneys for Department officials for responding to questions from Congress regarding the legal basis for the April 6, 2017, U.S. military strike against the Al Shayrat airfield in Syria (Docs. 14-15). This information has been withheld pursuant to attorney-client privilege to protect confidential communications between Department attorneys and their clients within the Department for the purpose of providing legal advice. These documents and communications were intended to be kept confidential and that confidentiality has been maintained.

25. This information is, accordingly, exempt from release under Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the attorney-client privilege.

26. The Department also withheld one document under Exemption 5 pursuant to the presidential communications privilege in order to protect communications between the President's close advisors and executive branch officials. *Vaughn* Index, Doc. 1. The withheld communication was authored by an interagency group of attorneys at the request of and in

coordination with staff of the National Security Council's Legal Adviser who has broad and significant responsibility for gathering information in the course of preparing advice for potential presentation to the President in matters that implicated the President's decisions concerning foreign policy or national security. In this case, disclosure of the information withheld under the presidential communications privilege would reveal the process by which the President receives national security advice from close advisors, and would reveal information about the advice itself. For these reasons, the withheld information is exempt from release under Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the presidential communications privilege.

## IV. CONCLUSION

27.    In summary, the Department conducted a thorough search of all Department locations that were reasonably likely to contain records responsive to Plaintiff's narrowed FOIA Request. The Department retrieved four documents responsive to Plaintiff's FOIA narrowed request, all of which were withheld in full. The Department has carefully reviewed all of the documents addressed herein for reasonable segregation of non-exempt information and determined that no segregation of meaningful information in the documents could be made without disclosing information warranting protection under the law.

* * *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of November 2017, Washington, D.C.

Eric F. Stein

# EXHIBIT 1

F-2017-09282

P.O. Box 170521
Brooklyn, NY 11217
Fax: (929) 777-8428
INFO@protectdemocracy.org







| To: Eric Stein, U.S. Department of State | From: Ian Bassin, Counsel at Protect Democracy Project |
|---|---|
| Fax: (202) 261-8579 | Pages: 3 |
| Phone: | Date: 4/7/2017 |
| Re: Freedom of Information Act Request – Expedited Processing | |

To Whom It May Concern:

Please find enclosed a Freedom of Information Act request. To contact us, please either email us at FOIA@protectdemocracy.org, or fax us at (929) 777-8428. If you have any questions about the contents of the request, please reach out to Ben Berwick, Counsel, at ben.berwick@protectdemocracy.org

Sincerely,

Ian Bassin
Protect Democracy Project

Exhibit 1

The Protect Democracy Project

April 7, 2017

U. S. Department of State
Office of Information Programs and Services
A/GIS/IPS/RL
SA-2, Suite 8100
Washington, D. C. 20522-0208
FAX: (202) 261-8579

Re: Freedom of Information Act Request

To Whom It May Concern:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

Any and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike. This request includes, but is not limited to, internal Department of State communications, communications between Department of State employees and the Executive Office of the President, and communications between Department of State employees and other agencies.

The timeframe for this request is April 4, 2017 through the present.

EXPEDITED PROCESSING

We request that you expedite the processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E) and 22 C.F.R. § 171.11(f). This request meets the criteria for expedited processing because "[t]he information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal government activity." 22 C.F.R. § 171.11(f)(2). As explained below in more detail in the section of this request regarding a fee waiver, The Protect Democracy Project intends to disseminate the information obtained in response to this request.

There can be no question that the President's decision to initiate military action is of the utmost importance to the public. Similarly, whether the President has the legal authority to launch a military strike – or used military force without legal authorization – is a question that is fundamental to our democracy. The public has an immediate right to

understand the administration's position with respect to the legality of the recent strike against Syria, and to assess whether that position is justified.

The American people and their representatives have already begun debating this issue of utmost importance. As we expect the President will comply with the War Powers Resolution and notify Congress of his military actions by the evening of April 8, 2017, 48 hours after these strikes were launched, the public debate on how Congress should exercise its co-equal role in this serious matter will intensify at that time. There is no way for the American people to advise their representatives of the public's view on this matter without a full understanding of the legal justification on which the President acted.

It is therefore incumbent upon the government and urgent for your office to share any responsive records in an expedited fashion because that is only way in a democracy for citizens and other branches of government to assess the actions that have been undertaken on our behalf in time to affect the present debate.

This request is made all the more urgent by the possibility that the President may decide to engage in further military action at any time.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

## FEE WAIVER

FOIA provides that any fees associated with a request are waived if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The core mission of The Protect Democracy Project, a new organization awaiting 501(c)(3) status, is to inform public understanding on operations and activities of the government. This request is submitted in consort with the organization's mission to gather and disseminate information that is likely to contribute significantly to the public understanding of executive branch operations and activities. The Protect Democracy Project has no commercial interests.

In addition to satisfying the requirements for a waiver of fees associated with the search and processing of records, The Protect Democracy Project is entitled to a waiver of all fees except "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). Federal law mandates that fees be limited to document duplication costs for any requester that qualifies as a representative of the news media. *Id.* The Protect Democracy Project operates in the tradition of 501(c)(3) good government organizations that qualify under FOIA as "news media organizations." Like those organizations, the purpose of The Protect Democracy Project is to "gather information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *Nat's Sec. Archive*

PO Box 170521, Brooklyn, New York 11217
FOIA@protectdemocracy.org

*v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). We intend to give the public access to documents transmitted via FOIA on our website, www.unitedtoprotectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

## RESPONSIVE RECORDS

We ask that all types of records and all record systems be searched to discover records responsive to our request. We seek records in all medium and format. This includes, but is not limited to: agendas, manifests, calendars, schedules, notes, and any prepared documentation for meetings, calls, teleconferences, or other discussions responsive to our request; voicemails; e-mails; e-mail attachments; talking points; faxes; training documents and guides; tables of contents and contents of binders; documents pertaining to instruction and coordination of couriers; and any other materials. We ask that you search all systems of record, including electronic and paper, in use at your agency. The Protect Democracy Project would prefer records in electronic format, saved as PDF documents, and transmitted via email or CD-rom.

If you make a determination that any responsive record, or any segment within a record, is exempt from disclosure, we ask that you provide an index of those records at the time you transmit all other responsive records. In the index, please include a description of the record and the reason for exclusion with respect to each individual exempt record or exempt portion of a record, as provided by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). When you deem a portion of a record exempt, we ask that the remainder of the record to be provided, as required by 5 U.S.C. § 552(b).

Given the 20-day statutory deadline, we hope to be as helpful as possible in clarifying or answering questions about our request. Please contact me at FOIA@protectdemocracy.org or (202) 599-0466 if you require any additional information. We appreciate your cooperation, and look forward to hearing from you very soon.

Sincerely,

Ian Bassin
Executive Director
The Protect Democracy Project

# EXHIBIT 2



United States Department of State

*Washington, D.C. 20520*

APR 12 2017

Dear Requester,

RE: Records / correspondence regarding April 6, 2017 military strike on Syria to include communication between White House and DoS

This is in response to your request dated 04/07/2017, which was received on 04/07/2017. We have assigned Case Control Number F-2017-09282 and will begin the processing of your request based upon the information provided in your communication.

The cut-off date is the date the search is initiated unless you have provided a specific timeframe.

We have considered your request for a fee waiver. Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet titled "Fee Waiver Information Sheet." Your appeal must be sent to us within 90 calendar days of the date of this letter.

Our published regulations regarding expedition, 22 C.F.R. § 171.11(f), require a specific showing of a compelling need. **Expedited processing is granted only in the following situations:** ***(1) imminent threat to the life or physical safety of an individual; (2) urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity and the information is urgently needed in that a particular value of the information would be lost if not disseminated quickly; (3) substantial humanitarian reasons; or (4) loss of substantial due process rights.*** Your request does not meet any of the established criteria. Regrettably, I must advise that you have not provided adequate justification for expedition. However, you may be assured that we will make every effort to process your request in as timely a manner as possible. For your convenience, I have enclosed a copy of the Department's expeditious processing criteria.

If you wish to appeal the denial of expedition, you may write to the Requester Liaison Division, at the address below, within 90 calendar days of the date of this letter.

Unusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request.

We will notify you as soon as responsive material has been retrieved and reviewed. Should you want to contact us, you may call our FOIA Requester Service Center at (202) 261-8484 or send an email to FOIAstatus@state.gov. Please refer to the Case Control Number in any communication.

Sincerely,

Requester Communications Branch
Office of Information Programs & Services

Exhibit 2

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

Stein Declaration
Civil Action No. 17-cv-00842
Exhibit 2

# EXHIBIT 3



**United States Department of State**

***Washington, D.C. 20520***

August 18, 2017

Case No.: F-2017-09282
Segment: L-0001

Ian Bassin
The Protect Democracy Project
PO Box 170521
Brooklyn, NY 11217

Dear Mr. Bassin:

In response to your request dated April 7, 2017, under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, which you subsequently narrowed, the Department retrieved two responsive records. After reviewing these documents, we have determined that both must withheld in full.

An enclosure explains the FOIA exemptions and other grounds for withholding material. In some cases, two or more exemptions may apply to the same document. One document numbering two pages was denied in full under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege. The second document numbering seven pages was denied in full under FOIA Exemptions 1 and 5, 5 U.S.C. §§ 552(b)(1) and (b)(5), pursuant to the deliberative process privilege, the attorney-client privilege, and the presidential communications privilege.

If you have any questions, your attorney may contact Kathryn C. Davis, Trial Attorney, at Kathryn.C.Davis@usdoj.gov. Please refer to the request case number, F-2017-09282, and the civil action number, 17-cv-00842, in all correspondence about this request.

Sincerely,

Susan C. Weetman for

Eric F. Stein, Director
Office of Information Programs and Services

## The Freedom of Information Act (5 USC 552)

### FOIA Exemptions

(b)(1) Information specifically authorized by an executive order to be kept secret in the interest of national defense or foreign policy. Executive Order 13526 includes the following classification categories:

1.4(a) Military plans, systems, or operations
1.4(b) Foreign government information
1.4(c) Intelligence activities, sources or methods, or cryptology
1.4(d) Foreign relations or foreign activities of the US, including confidential sources
1.4(e) Scientific, technological, or economic matters relating to national security, including defense against transnational terrorism
1.4(f) U.S. Government programs for safeguarding nuclear materials or facilities
1.4(g) Vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to US national security, including defense against transnational terrorism
1.4(h) Weapons of mass destruction

(b)(2) Related solely to the internal personnel rules and practices of an agency

(b)(3) Specifically exempted from disclosure by statute (other than 5 USC 552), for example:

| | |
|---|---|
| ARMSEXP | Arms Export Control Act, 50a USC 2411(c) |
| CIA PERS/ORG | Central Intelligence Agency Act of 1949, 50 USC 403(g) |
| EXPORT CONTROL | Export Administration Act of 1979, 50 USC App. Sec. 2411(c) |
| FS ACT | Foreign Service Act of 1980, 22 USC 4004 |
| INA | Immigration and Nationality Act, 8 USC 1202(f), Sec. 222(f) |
| IRAN | Iran Claims Settlement Act, Public Law 99-99, Sec. 505 |

(b)(4) Trade secrets and confidential commercial or financial information

(b)(5) Interagency or intra-agency communications forming part of the deliberative process, attorney-client privilege, or attorney work product

(b)(6) Personal privacy information

(b)(7) Law enforcement information whose disclosure would:
(A) interfere with enforcement proceedings
(B) deprive a person of a fair trial
(C) constitute an unwarranted invasion of personal privacy
(D) disclose confidential sources
(E) disclose investigation techniques
(F) endanger life or physical safety of an individual

(b)(8) Prepared by or for a government agency regulating or supervising financial institutions

(b)(9) Geological and geophysical information and data, including maps, concerning wells

### Other Grounds for Withholding

NR Material not responsive to a FOIA request excised with the agreement of the requester

# EXHIBIT 4



**United States Department of State**

***Washington, D.C. 20520***

September 8, 2017

Case No.: F-2017-09282
Segment: L-0002

Ian Bassin
The Protect Democracy Project
PO Box 170521
Brooklyn, NY 11217

Dear Mr. Bassin:

I refer to our letter dated August 18, 2017, regarding the release of certain Department of State records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552. The Department retrieved two additional responsive records. After reviewing these documents, we have determined that both must withheld in full.

An enclosure explains the FOIA exemptions and other grounds for withholding material. Two documents numbering two pages each were denied in full under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege and the attorney-client privilege.

This serves as a final response to your request. If you have any questions, your attorney may contact Kathryn C. Davis, Trial Attorney, at Kathryn.C.Davis@usdoj.gov. Please refer to the request case number, F-2017-09282, and the civil action number, 17-cv-00842, in all correspondence about this request.

Sincerely,

Lori Hartmann for

Eric F. Stein, Director
Office of Information Programs and Services

Enclosures: As stated

The Freedom of Information Act (5 USC 552)

## FOIA Exemptions

(b)(1) Information specifically authorized by an executive order to be kept secret in the interest of national defense or foreign policy. Executive Order 13526 includes the following classification categories:

1.4(a) Military plans, systems, or operations
1.4(b) Foreign government information
1.4(c) Intelligence activities, sources or methods, or cryptology
1.4(d) Foreign relations or foreign activities of the US, including confidential sources
1.4(e) Scientific, technological, or economic matters relating to national security, including defense against transnational terrorism
1.4(f) U.S. Government programs for safeguarding nuclear materials or facilities
1.4(g) Vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to US national security, including defense against transnational terrorism
1.4(h) Weapons of mass destruction

(b)(2) Related solely to the internal personnel rules and practices of an agency

(b)(3) Specifically exempted from disclosure by statute (other than 5 USC 552), for example:

| | |
|---|---|
| ARMSEXP | Arms Export Control Act, 50a USC 2411(c) |
| CIA PERS/ORG | Central Intelligence Agency Act of 1949, 50 USC 403(g) |
| EXPORT CONTROL | Export Administration Act of 1979, 50 USC App. Sec. 2411(c) |
| FS ACT | Foreign Service Act of 1980, 22 USC 4004 |
| INA | Immigration and Nationality Act, 8 USC 1202(f), Sec. 222(f) |
| IRAN | Iran Claims Settlement Act, Public Law 99-99, Sec. 505 |

(b)(4) Trade secrets and confidential commercial or financial information

(b)(5) Interagency or intra-agency communications forming part of the deliberative process, attorney-client privilege, or attorney work product

(b)(6) Personal privacy information

(b)(7) Law enforcement information whose disclosure would:
(A) interfere with enforcement proceedings
(B) deprive a person of a fair trial
(C) constitute an unwarranted invasion of personal privacy
(D) disclose confidential sources
(E) disclose investigation techniques
(F) endanger life or physical safety of an individual

(b)(8) Prepared by or for a government agency regulating or supervising financial institutions

(b)(9) Geological and geophysical information and data, including maps, concerning wells

## Other Grounds for Withholding

NR Material not responsive to a FOIA request excised with the agreement of the requester