# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, *et al.*, <br><br> *Defendants*. | No. 17-cv-0842-CRC |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Defendants, the Department of Justice ("DOJ"), Department of Defense ("DOD"), and Department of State ("State") (collectively, "Defendants"), hereby state pursuant to Local Rule 7(h)(1) that no genuine dispute exists as to the following material facts:

1. On April 7, 2017, Plaintiff submitted a Freedom of Information Act ("FOIA") request to DOJ's Office of Information Policy ("OIP"), Office of Legal Counsel ("OLC"), and National Security Division ("NSD"); DOD's Office of the Secretary of Defense and the Joint Staff; and State seeking "[a]ny and all records, including but not limited to emails and memoranda, reflecting, discussing, or otherwise relating to the April 6, 2017 military strike on Syria and/or the President's legal authority to launch such a strike." Pl.'s Compl. at Ex. A, C, E, G, I, ECF No. 1; *see* Declaration of Daniel R. Castellano ("Castellano Decl.") ¶ 3; Declaration of Paul P. Colborn ("Colborn Decl.") ¶ 9; Declaration of Kevin G. Tiernan ("Tiernan Decl.") ¶ 5; Declaration of Mark H. Herrington ("Herrington Decl.") ¶ 3; Declaration of Eric F. Stein ("Stein Decl.") ¶ 4. The timeframe for the request is April 4, 2017 to present. *Id.*

2. By letter dated April 13, 2017, OIP acknowledged receipt of Plaintiff's FOIA request. Castellano Decl. ¶ 7.

3. By letter dated April 26, 2017, OLC acknowledged receipt of Plaintiff's FOIA request. Colborn Decl. ¶ 10.

4. In an email dated April 14, 2017, NSD acknowledged receipt of Plaintiff's FOIA request. Tiernan Decl. ¶ 8.

5. By letter dated April 12, 2017, DOD acknowledged receipt of Plaintiff's FOIA request. Herrington Decl. ¶ 4.

6. By letter dated April 12, 2017, State acknowledged receipt of Plaintiff's FOIA request. Stein Decl. ¶ 5.

7. Plaintiff filed the instant lawsuit on May 8, 2017. Pl.'s Compl. At that time, Defendants had not provided Plaintiff with final determinations on its FOIA requests. Defs.' Answer (June 23, 2017) ¶¶ 33, 39, 50, 57, 67, ECF No. 13.

8. Subsequently, Plaintiff agreed to narrow the scope of its FOIA requests to documents analyzing or explaining the President's legal authority to launch the April 6, 2017 military strike against a Syrian government airbase (Shayrat Airfield) in Syria. Defs.' Status Report (July 28, 2017) at 1 n.1, ECF No. 17; *see* Castellano Decl. ¶ 10; Tiernan Decl. ¶ 6; Herrington Decl. ¶ 4; Stein Decl. ¶ 6.

9. The parties further agreed that Defendants would exclude from processing all prior non-final versions of documents that Defendants were processing in response to Plaintiff's FOIA requests or that have been publicly released, including correspondence discussing or transmitting those prior versions. Castellano Decl. ¶ 10; Herrington Decl. ¶5. Where a

document was never finalized, Defendants processed only the last edited version of such document. *Id.*

10. By letter dated August 18, 2017, OIP provided an interim response to Plaintiff, determining that two pages must be withheld in full. Castellano Decl. ¶ 26.

11. By letter dated September 8, 2017, OIP provided a final response to Plaintiff, determining that fifty-three pages were appropriate for release in full, seven pages were appropriate for release with excisions, and ten pages must be withheld in full. Castellano Decl. ¶ 27.

12. By letter dated August 18, 2017, OLC provided an interim response to Plaintiff, determining that two records must be withheld in full. OLC informed Plaintiff that one document had been referred to OIP. Colborn Decl. ¶ 11.

13. By letter dated September 8, 2017, OLC provided a final response to Plaintiff, advising that OLC had not located "any additional non-duplicative records that were not already being processed by another recipient of the request." Colborn Decl. ¶ 12.

14. In a letter dated September 8, 2017, NSD provided a final response to Plaintiff, advising that the sixty-six pages of responsive records located by NSD originated with the DOJ's Senior Management Offices and had been referred to OIP. Tiernan Decl. ¶¶ 15, 17.

15. On August 18, 2017, DoD provided an interim response to Plaintiff, determining that two documents must be withheld in full. Herrington Decl. ¶ 10.

16. On September 8, 2017, DoD issued a final response to Plaintiff's request, releasing one document in part and withholding in full one document. Herrington Decl. ¶ 10.

17. By letter dated August 18, 2017, State provided an interim response to Plaintiff, determining that two documents must be withheld in full. Stein Decl. ¶ 7.

18. By letter dated September 8, 2017, State provided a final response to Plaintiff, determining that two documents must be withheld in full.  Stein Decl. ¶ 8.

19. Defendants are withholding records in full or in part under FOIA Exemptions 1, 3, 5, 6, and 7(C).  Castellano Decl. ¶¶ 26-27; Colborn Decl. ¶¶ 11, 27; Herrington Decl. ¶¶ 9-10; *id.* at 6 n.2; Stein Decl. ¶¶ 7-8, 17.

20. Plaintiff is not challenging OIP's withholdings pursuant to FOIA Exemptions 6 and 7(C).  Castellano Decl. ¶ 44.

21. OIP conducted remote electronic searches of the emails and computer files of twenty-eight custodians in the Offices of the Attorney General ("OAG") and the Deputy Attorney General ("ODAG"), the offices most likely to possess potentially responsive records based on the subject of Plaintiff's narrowed request.  Castellano Decl. ¶¶ 18, 19.  OIP used the following search terms: "Syria" and "Shayrat."  *Id.* ¶ 20.  The timeframe was limited to April 4, 2017 to April 13, 2017, consistent with Plaintiff's initial request.  *Id.*

22. OIP sent search notifications to OAG and ODAG which provided records custodians with the details of the request and instructions to identify any additional records, such as text and voice messages, or material maintained within a classified system, that would not be captured by OIP's remote search.  Castellano Decl. ¶ 19.

23. OIP conducted searches of the electronic database of the Departmental Executive Secretariat, which is the official records repository of all formal correspondence of OAG and ODAG.  Castellano Decl. ¶ 22.  OIP used the following search terms: "Syria" and "Shayrat." *Id.*  The timeframe was limited to April 4, 2017 to April 13, 2017, consistent with Plaintiff's initial request.  *Id.*

24. After consulting with knowledgeable staff, OLC determined that responsive records to Plaintiff's narrowed request would most likely be located in either the classified or unclassified email accounts or electronic file storage of four OLC attorneys. Colborn Decl. ¶¶ 13-14.

25. OLC conducted keyword searches against the four custodians' classified email accounts and electronic files over the relevant time period using the terms "Syria," "Shayrat," "Shaykuhn," and "Sheikhoun." Colborn Decl. ¶ 15.

26. OLC asked one custodian to search an unclassified email account for the same information and, separately, asked the four custodians if they had or were aware of any records that could be responsive and would not be captured by either of these searches. Colborn Decl. ¶ 15.

27. OLC also consulted with the other agency defendants in this action to determine whether they were aware of OLC equities in any other documents not located in OLC's search. Colborn Decl. ¶ 15.

28. After consulting with knowledgeable staff, NSD identified two attorneys in the Office of the Assistant Attorney General ("OAAG") and two attorneys in the Office of Law and Policy ("OLP"), who were most likely to have potentially responsive records given the subject matter of Plaintiff's narrowed request. Tiernan Decl. ¶ 12.

29. These four individuals conducted electronic searches of their email accounts and other electronic files on both classified and unclassified systems, using the word "Syria" in the date range of the request, as well as searches of their paper files. Tiernan Decl. ¶ 13.

30. NSD FOIA staff conducted electronic searches of email accounts and other electronic records on both classified and unclassified systems of NSD leadership (Assistant

Attorney General and Deputy Assistant Attorneys General), including the then-Acting Assistant Attorney General and the Deputy Assistant Attorney General responsible for supervising OLP, using the word "Syria" in the date range of the request. Tiernan Decl. ¶ 14.

31. DOD conducted searches for documents responsive to Plaintiff's narrowed request in DOD's Office of General Counsel (International Affairs) ("DOD OGC (IA)") and the Office of the Legal Advisor to the Chairman of the Joint Chiefs of Staff, which are the only offices likely to contain responsive records. Herrington Decl. ¶ 6.

32. The Joint Staff performed electronic searches of the emails and drives at all classification levels of the Legal Advisor to the Chairman of the Joint Staff and another attorney in his office who were involved in predecisional deliberations, as well as the files of the J3 – the division in charge of operations, using the terms "Syria," "Syrian," "Chemical Weapons," "targets," "targeting," "strike options," "strike," "POTUS," "SecDef," and "Shayrat." Herrington Decl. ¶ 7. The search encompassed the timeframe of April 4, 2017, to the date of the search, as stated in Plaintiff's initial request. *Id.*

33. Attorneys in DoD OGC (IA) also performed electronic searches of their emails and personal and shared electronic folders at all levels of clearance, using the terms "Syria," "CW," "chemical," "April 7," "April 6," "Shayrat," and the names of three attorneys involved in the deliberations. Herrington Decl. ¶ 8. This search also encompassed the timeframe of April 4, 2017, to the date of the search. *Id.*

34. After consulting with knowledgeable staff, State determined that the only component reasonably likely to maintain responsive records to Plaintiff's narrowed request was the Office of Political-Military Affairs ("L/PM") of the Office of the Legal Adviser. Stein Decl. ¶ 14.

35. An Attorney-Adviser who is a subject matter expert and directly involved in drafting relevant documents searched L/PM's electronic files for any documents responsive to Plaintiff's narrowed request, including unclassified and classified email records of the Attorney-Adviser, unclassified and classified document files of the Attorney-Adviser, an electronic shared drive (a collection of folders stored on a local network), and the office's electronic records management system Content Server, using the search terms "Syria," "chemical weapons," or "Shayrat" and a date range of April 4, 2017 through the date of the search.  Stein Decl. ¶ 15.

36. Defendants withheld information in fifteen documents on the basis of FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege.  *See* Castellano Decl. ¶ 34; Colborn Decl. ¶¶ 21, 24; Herrington Decl. ¶¶ 13-14; Stein Decl. ¶¶ 20-22.

37. The information withheld under Exemption 5 pursuant to the deliberative process privilege is pre-decisional and deliberative, and its release would impede the ability of responsible Department officials to formulate and carry out Executive Branch policies and decisions by inhibiting candid internal discussion and the expression of recommendations and judgments regarding a preferred course of action.  Castellano Decl. ¶¶ 36, 39, 41; Colborn Decl. ¶¶ 3-4, 21, 24; Herrington Decl. ¶ 12; Stein Decl. ¶¶ 20-22.

38. Defendants withheld information in six documents on the basis of FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the attorney-client privilege.  *See* Colborn Decl. ¶¶ 22, 25; Herrington Decl. ¶ 12; Stein Decl. ¶¶ 24-25.

39. The information withheld under Exemption 5 pursuant to the attorney-client privilege involves confidential communications between attorneys and officials of the Executive Branch for the purposes of obtaining confidential legal advice.  Colborn Decl. ¶¶ 22, 25; Herrington Decl. ¶ 12; Stein Decl. ¶¶ 24-25.

40. Defendants withheld information in three documents on the basis of FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the presidential communications privilege. *See* Colborn Decl. ¶ 23; Herrington Decl. ¶ 17; Stein Decl. ¶ 26.

41. The information withheld under Exemption 5 pursuant to the presidential communications privilege consists of a classified legal memorandum prepared by an interagency group of attorneys at the request of and in coordination with staff of the National Security Council's Legal Adviser, whose responsibilities include preparing advice for the President and his national security advisors concerning national security and foreign policy, for purposes of providing advice and recommendations regarding the legal basis for potential military action. Colborn Decl. ¶ 23; Herrington Decl. ¶ 17; Stein Decl. ¶ 26.

42. Defendants withheld certain information in three documents on the basis of FOIA Exemption 1, 5 U.S.C. § 552(b)(1). Declaration of Patricia Gaviria ("Gaviria Decl.") ¶ 12, *see* Colborn Decl. ¶ 27; Herrington Decl. at 6 n.2; Stein Decl. ¶ 17.

43. The Office of the Director of National Intelligence has determined that this information meets the classification criteria of Executive Order 13526 § 1.4(c), and the U.S. government has not previously authorized or officially acknowledged public release of this information. Gaviria Decl. ¶¶ 12, 18.

44. Defendants withheld the same information on the basis of FOIA Exemption 3, 5 U.S.C. § 552(b)(3), pursuant to Section 102A(i)(1) of the National Security Act, as amended, 50 U.S.C. § 3024(i)(1); Section 6 of the National Security Act, as amended, 50 U.S.C. § 3605; and 18 U.S.C. § 798. Gaviria Decl. ¶¶ 20, 21-23; *see* Colborn Decl. ¶ 27; Herrington Decl. at 6 n.2; Stein Decl. ¶ 17.

45. Defendants carefully reviewed each record from which information was withheld and determined that, where portions of records were released in part with redactions, all non-exempt information in such records was segregated for release. Castellano Decl. ¶ 44; Herrington Decl. ¶ 18. Where pages or entire documents were withheld in full, Defendants have confirmed that no segregation of meaningful information could be made without disclosing information warranting protection under FOIA. Castellano Decl. ¶ 43; Colborn Decl. ¶ 29; Herrington Decl. ¶ 19; Stein Decl. ¶ 27.

Dated: November 17, 2017

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

JESSE K. LIU
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6130
Washington, D.C.  20530
Tel:    (202) 616-8298
Fax:    (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov

*Attorneys for Defendants*