UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., *Plaintiff*, v. U.S. DEPARTMENT OF DEFENSE, *et al.*, *Defendants*. | No. 17-cv-0842-CRC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF RECENT DEVELOPMENTS**

Plaintiff's Notice of Recent Developments ("Notice") requests that, in considering the parties' pending cross-motions for summary judgement, the Court take account of the President's recent statement that he would "be making some major decisions over the next 24 to 48 hours" with respect to Syria's April 7, 2018 chemical weapons attack in the town of Douma.[1] Pl.'s Notice at 3 (quoting the President's remarks made at an April 9, 2018 cabinet meeting), ECF No. 31. From this statement, Plaintiff speculates that the legal advice contained in the classified legal memorandum at issue in this litigation constitutes "working law" and, as such, is not properly withheld under Freedom of Information Act ("FOIA") Exemption 5 and the deliberative process

---

[1] On April 13, 2018, the President announced that, in concert with military forces from the United Kingdom and France, he ordered U.S. military forces to launch precision strikes on targets associated with Syrian chemical weapons capabilities. *See* Joined by Allies, President Trump Takes Action to End Syria's Chemical Weapons Attacks (Apr. 14, 2018), https://www.whitehouse.gov/articles/joined-allies-president-trump-takes-action-end-syrias-chemical-weapons-attacks/.

privilege.[2]  *Id.* at 1.  Far from providing facts "relevant to [the Court's] consideration," *id.*, the Notice only further demonstrates Plaintiff's misapplication of the "working law" doctrine.

As explained in Defendants' reply and opposition, the D.C. Circuit has held that the working law doctrine does not cover "legal memoranda that concern the *advisability* of a particular policy, but do not authoritatively state or determine the agency's policy." *Elec. Frontier Found.* ("*EFF*") *v. DOJ*, 739 F.3d 1, 8 (D.C. Cir. 2014).  Indeed, "'there can be no doubt that such legal advice, given in the form of intra-agency memoranda prior to any agency decision on the issues involved, fits exactly within the deliberative process rationale for Exemption 5.'"  *Id.* at 8-9; *see also* Defs.' Reply In Support of Mot. for Summ. J. & Opp'n to Pl.'s Cross-Mot. for Summ. J. ("Reply") at 13-17, ECF No. 28.  Here, the classified legal memorandum squarely falls within the deliberative process privilege and outside the working law doctrine.  Despite Plaintiff's attempts to characterize it as a controlling "legal justification," Pl.'s Notice at 1, the classified legal memorandum contains pre-decisional legal *advice* prepared by inter-agency attorneys for the consideration of the President's national security advisers in advising the President whether to authorize a particular contemplated military action.  *See* Defs.' Mot. for Summ. J. at 21-22, ECF No. 24-1.  It is not an authoritative policy statement governing the President's ability to authorize military action.  *See EFF*, 739 F.3d at 9.

Plaintiff emphasizes that the President was then considering "potential repeat military action against Syria" and surmises that the "legal justification . . . appears to be the same as that set forth" in the classified legal memorandum.  Pl.'s Notice at 2.  It is immaterial, however,

---

[2] Defendants withheld the classified legal memorandum in its entirety under Exemption 5 pursuant to not only the deliberative process privilege, but also the presidential communications and attorney-client privileges.  *See Vaughn* Index (Docs. 1-3), ECF No. 24-7.  Additionally, Defendants asserted Exemptions 1 and 3 to protect certain information in the classified legal memorandum that is currently and properly classified at the SECRET and TOP SECRET levels.  *Id.*

whether the President has received advice in the past on the legal bases for his authority to order potential military action, even in response to a similar use of chemical weapons by Syria in April 2017, or whether he may receive similar or even the same advice again in the future from the Attorney General or any other Executive Branch attorney.  *See EFF*, 739 F.3d at 8 (analyzing whether an OLC opinion concerning the permissibility of FBI investigative tactics constituted the "working law" of the FBI based on whether OLC was "authorized to make decisions about the FBI's investigative policy," and holding OLC had no such authority).  As Defendants have already explained, merely taking an action consistent with received legal advice does not constitute adoption of that legal advice, nor does it convert that legal advice into working law. *See* Reply at 16-17.  Regardless of the frequency in which the issue arises, the classified legal memorandum conveyed only advice and recommendations and did not "determine[] policy or appl[y] established policy." *Id.* at 9.  Nor does the President's brief statement that he would "mak[e] some major decisions" regarding Syria's most recent chemical weapons attack demonstrate that he has adopted the advice provided in the classified legal memorandum.  *See id.* at 8 (holding that advice offered for the consideration of agency decision-makers "is not the law of an agency unless the agency adopts it").

        Accordingly, for these reasons and the reasons explained in their briefs, the Court should grant Defendants' Motion for Summary Judgment.

Dated: April 16, 2018                              Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6130
Washington, DC  20530
Tel:     (202) 616-8298
Fax:     (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov
*Attorneys for Defendants*