**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **THE PROTECT DEMOCRACY PROJECT, INC.**, |
| Plaintiff, |
| v. |
| **U.S. DEPARTMENT OF DEFENSE,** *et al.*, |
| Defendants. |

Case No. 17-cv-00842 (CRC)

## ORDER

On April 6, 2017, President Trump ordered a targeted missile strike on a Syrian military airfield.  The next day, The Protect Democracy Project, Inc. submitted requests under the Freedom of Information Act ("FOIA") to the Department of State, the Department of Defense, and three components of the Department of Justice, seeking documents related to the President's legal authority to launch the strike.

Those agencies have identified fifteen responsive records.  See ECF No. 24-7 (Vaughn index).  These records fall into three categories.  The first is a set of legal memoranda drafted by agency lawyers analyzing the legality of military intervention in Syria.  The second is an outline prepared by the Department of Justice's Office of Legal Counsel designed to advise the Attorney General about the legal bases for the strike.  And the third consists of various guidance memoranda and talking points (some in email form) prepared to aid Executive Branch officials in responding to questions about the strike from the press or from Congress.

The agencies have withheld all of these documents under various FOIA exemptions—chief among them Exemption 5, which shields from disclosure documents that would typically be privileged in civil discovery.  See 5 U.S.C. 552(b)(5); NLRB v. Sears, Roebuck & Co., 421

U.S. 132 (1975).  The parties have now moved for summary judgment on the question of

whether the government's withholding was justified.

In reviewing the parties' cross-motions, the Court has determined that it must review the

third set of documents—numbers 5 through 15 in the government's Vaughn index—before it can

resolve an important aspect of the dispute.  See 5 U.S.C. 552(a)(4)(B) (authorizing the Court to

"examine the contents of [withheld] agency records in camera to determine whether such records

or any part thereof shall be withheld" under a FOIA exemption).  The government asserts that

documents 5–15 are shielded by the deliberative process privilege and the attorney client

privilege, and thus are protected from disclosure under FOIA Exemption 5.  Protect Democracy

contests the applicability of the two privileges and further contends that, even if properly

invoked, the government has waived both privileges by officially acknowledging information

contained in the documents.[1]  See Fitzgibbon v. CIA, 911 F.2d 755, 765 (D.C. Cir. 1990)

("[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even

over an agency's otherwise valid exemption claim.").

In making its waiver argument, Protect Democracy cites public, on-the-record statements

from several Executive Branch officials—including a spokesperson for the National Security

Council—summarizing the President's asserted legal authority for conducting the missile strike.

See Pl.'s Cross-Mot. Summ. J. Ex. H, at 3 (statement of NSC spokesperson incorporated in

*Weekly Standard* article); ACLU v. CIA, 710 F.3d 422, 429–30 (D.C. Cir. 2013) (relying on

executive officials' statements to press in determining whether there was official

---

[1] Protect Democracy makes these same waiver arguments with respect to the first two
categories of documents—the legal memoranda and the outline.  But at this point the Court has
determined that *in camera* review of those documents is not necessary to resolve the parties'
dispute.

acknowledgment).  The government's descriptions of documents 5–15 suggest that they may

contain content that is duplicative of these statements.  According to one government

declaration, for example, "[t]he press guidance summarizes particular events, identifies

important issues, and provides key background information in a concise, summary format for

ease of understanding and presentation."  Decl. of Daniel R. Castellano Supp. Defs.' Mot.

Summ. J. ¶ 18 (ECF No. 24-2).  The public statements that Protect Democracy cites could be

described similarly.

Thus, based on the content of those statements and the government's description of

documents 5–15, the Court finds that Protect Democracy has met "initial burden of pointing to

specific information in the public domain that appears to duplicate that being withheld," Afshar

v. Dep't of State, 702 F.2d 1125, 1130 (D.C. Cir. 1983), such that any applicable privileges[2]

have been waived with respect to any duplicative information.  Nevertheless, the Court lacks

sufficient information about documents 5–15 to decide whether their information sufficiently

overlaps with the public statements so as to satisfy the D.C. Circuit's exacting test for public

acknowledgment.  See ACLU v. DOD, 628 F.3d 612, 620–21 (D.C. Cir. 2011) ("(1) [T]he

information requested must be as specific as the information previously released; (2) the

information requested must match the information previously disclosed; and (3) the information

requested must already have been made public through an official and documented disclosure.").

The Court recognizes that government declarations are often sufficient to resolve disputes about

waiver and that *in camera* review is "a last resort in national security situations."  Id. at 626.  But

---

[2] While the Court has yet to determine whether these documents are indeed privileged, many courts in this district have found that the deliberative process privilege shields documents prepared to aid in answering inquiries from the press and from Congress.  See, e.g., Comm. on Oversight & Gov't Reform v. Lynch, 156 F. Supp. 3d 101, 111–12 (D.D.C. 2016) (citing cases).

the Court must resort to it here.  The government's declarations do not provide enough information about documents 5–15 for the Court "to make a responsible de novo determination on the claims of exemption."  Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978); cf., e.g., ACLU v. CIA, 109 F. Supp. 3d 220, 243 (D.D.C. 2015) (declining to engage in *in camera* review where government declaration provided "*detailed descriptions* of [withheld] legal memoranda" (emphasis added)).

It is therefore **ORDERED** that by May 4, 2018, the defendants produce the documents numbered 5–15 in the Vaughn index (ECF No. 24-7) for the Court's *in camera* review.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: April 25, 2018